# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,

             Appellant,

    v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,

             Agency.

DOCKET NUMBERS
DE-3330-14-0582-I-1
DE-3330-14-0579-I-1
DE-3330-14-0580-I-1

DATE: July 28, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Christina Patton Black</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) on the merits without a hearing. Generally, we grant petitions such as this one only when: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a 5-point preference eligible veteran, applied for three positions with the agency under open competitive vacancy announcements: a GS-15 Supervisory Public Health Analyst position, Initial Appeal File (IAF), Tab 11 at 5-11, 18-55; a GS-12/13 Public Health Analyst position, IAF, Tab 13 at 5-11, 19-56; and a GS-14 Lead Public Health Advisor position, IAF, Tab 15 at 5-11, 20-52, Tab 16 at 23, 26-28.[2] The agency issued merit promotion announcements for the same positions, but it is undisputed that the appellant did not apply under merit promotion procedures even though he was eligible to do so. IAF, Tab 10 at 8, Tab 11 at 12-17, Tab 13 at 12-18, Tab 15 at 12-19. The agency rated the appellant ineligible for each position because it found that he lacked the requisite education and experience. IAF, Tab 12 at 17-20, Tab 14 at 58-61,

---

[2] Unless otherwise noted, all record citations are to the lead case, *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-14-0582-I-1.

Tab 16 at 24, 26-28.[3]  Ultimately, the agency filled the Public Health Analyst and Lead Public Health Advisor positions from the merit promotion certificates.  IAF, Tab 14 at 54-57, Tab 16 at 15-16, 28.  The agency did not make a selection for the Supervisory Public Health Analyst position.  IAF, Tab 12 at 20.

¶3        After exhausting his administrative remedies with the U.S. Department of Labor, the appellant filed three VEOA appeals with the Board and requested hearings.  IAF, Tab 1; *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-14-0579-I-1, Initial Appeal File, Tabs 1, 4; *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-14-0580-I-1, Initial Appeal File, Tabs 1, 4.  The administrative judge joined the appeals for processing.  IAF, Tab 3.  After the parties submitted evidence and argument, the administrative judge issued an initial decision denying the appellant's request for corrective action without a hearing.  IAF, Tab 23, Initial Decision (ID) at 2, 10.  He found that the appellant established jurisdiction over his appeal, but that there was no dispute of material fact and that the agency was entitled to judgment as a matter of law.  *Id*.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition.  PFR File, Tab 3.

¶4        On review, the appellant argues that the administrative judge should have granted his request for a hearing.  PFR File, Tab 1 at 6-19.  He argues that a hearing was required in accordance with the initial decision in *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-10-0168-I-1, Initial Decision (Apr. 30, 2010).  PFR File, Tab 1 at 6-9.  We disagree because an initial decision issued by an administrative judge has no precedential effect.  *See Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988).  The appellant also argues, citing 5 C.F.R. § 1201.24(d), that "[a]n appellant

---

[3] The agency initially indicated to the appellant that he was qualified for the Lead Public Health Advisor position, but it subsequently determined that he was not.  IAF, Tab 16 at 24-25, 27-28.

generally has a right to a hearing on the merits if the appeal has been timely filed and the Board has jurisdiction over the appeal." PFR File, Tab 1 at 6. VEOA, however, provides an exception to this general rule. The Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008).

¶5        In this regard, the appellant argues that there was a genuine dispute of material fact as to whether he had the experience necessary to qualify him for the positions at issue. PFR File, Tab 1 at 10-19. He has cited excerpts of his 30-page résumé that he argues demonstrate his qualifications. *Id*. at 12-16  Under 5 U.S.C. § 3311(2), a preference eligible is entitled to credit for all experience material to the position for which examined, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether he received pay therefor. We have reviewed the appellant's arguments, and we find that he is disputing the weight that the agency gave to his prior experience rather than whether the agency considered that experience in evaluating his application. PFR File, Tab 1 at 10-19; IAF, Tab 17 at 16-20. Under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight that the agency accorded these experiences in reaching its decision that the appellant was not qualified for the position. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 12 (2014). The Board's assessment does not include a review of the weight that the agency gave to the appellant's prior experiences in determining that he was not qualified. *Id*., ¶ 9.

¶6        Finally, we find that the appellant's allegations of agency malfeasance in unrelated actions and legal proceedings are not relevant to the issues in the instant appeal. PFR File, Tab 1 at 17-19.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.